JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)
Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692

**Filed On
11/1/05**

| | |
|---|---|
| In re CURTIS WAYNE MARTIN and DONNA LEE MARTIN,<br><br>               Debtor(s) | Case No.  A05-00213-HAR<br>In Chapter 7 |
| DENNIS YATES,<br><br>               Plaintiff(s)<br>  v.<br>CURTIS WAYNE MARTIN,<br><br>               Defendant(s) | Adv Proc No A05-90015-HAR<br><br>**MEMORANDUM REGARDING DENIAL OF CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

1. <u>INTRODUCTION</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2. <u>BACKGROUND</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3. <u>ANALYSIS</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    3.1. <u>Requirements for Summary Judgment</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    3.2. <u>Yates' Motion; Collateral Estoppel Requirements</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    3.3. <u>Martin's Motion</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4. <u>CONCLUSION</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

1. <u>INTRODUCTION</u>- The parties have filed cross motions for summary judgment.[1] The Yates motion must be denied for lack of proper evidentiary support, and because collateral estoppel based on an Oregon judgement does not support the nondischargeability of a major portion of it.  The Martin motion must be denied, also, since it does not show why Yates is precluded from presenting a case at trial.

2. <u>BACKGROUND</u>- Plaintiff Dennis Yates filed a complaint to establish nondischargeability of a debt under 11 USC §§ 523(a)(2)(A) and 523(a)(4), and to enforce an Oregon state court judgment for $26,386.33 on November 13, 2001.  The Oregon complaint had prayed for in excess of $71,731.

The judgment was in favor of Arrowstone Investments, LLC, an Oregon Limited Liability Company.  In ¶2, Yates alleges he acceded to the judgment under Oregon law,[2] because the LLC was administratively dissolved and he was the sole remaining member of the LLC, its registered agent, and managing member.

The complaint alleges interest on the judgment is at 9%, so that interest would be about $9,500 on its fourth anniversary in a few days.

The judgment, which was rendered by a jury, is broken down in three elements:

    For conversion of company owned automobiles . . . . . . . . . . . . . . . . . . . . . . $4,130.00

    For breach of contract (failure to repay loans) to Arrowstone . . . . . . . . . $18,045.00

    For money received by Martin, which belonged to Arrowstone
      that was used for personal use or gain, which in good conscience
      Martin is not entitled to retain and for which no contract existed . . . . <u>$4,211.33</u>
                                                                                                                                                                   $26,386.33

Yates filed his summary judgment *pro se*, and acknowledged he might have troubles complying with the technicalities of the legal process.  He seeks to establish the $26,386.33

---

[1] Plaintiff's *Motion for Summary Judgment*, Dkt 7, and defendant's *Motion for Summary Judgment*, Dkt 10.

[2] ORS 63.637.

MEMORANDUM REGARDING DENIAL OF
CROSS-MOTIONS FOR SUMMARY JUDGMENT                                                                      Page 2 of 6

judgment by collateral estoppel (although, he cites no legal authority regarding dischargeability or collateral estoppel, other than to attach a copy of § 523 at the end of his motion.[3]  His motion attaches eight exhibits: (1) Martin's answer to the adversary; (2) a letter from his Oregon attorney to an Oregon appellate mediator (I believe); (3) an uncertified copy of the judgment; (4) a copy of the notice of appeal; (5) the Appeal Court Settlement Conference Statement; (6) Arrowstone's appellate brief and Excerpt of Record; (7) Designation of Prevailing Party and Award of Costs on appeal; and, (8) a copy of 11 USC § 523.  Mr. Yates provided no evidence under oath or legal analysis.

Mr. Martin both replied to the Yates motion, and filed his own cross-motion, stating three grounds: (1) Arrowstone, not Yates, is the proper party; (2) the elements of an Oregon conversion judgment may be different than those required for nondischargeability under § 523(a)(6) (note that the Yates complaint does not cite § 523(a)(6), but only §§ 523(a)(2)(A) and 523(a)(4)); and, (3) if the "conversion" portion of the judgment is nondischargeable, Martin can identify assets which would pay it (apparently, insurance coverage).

3.  ANALYSIS-

3.1.  Requirements for Summary Judgment- The movant for summary judgment must offer evidence sufficient to support findings on every element of his or her claim, unless there is an admission from the other side.[4]  There must be a showing that there are not genuine issues of material fact, and that the movant is entitled to summary judgment as a matter of law.[5]

Mr. Yates did not submit any sworn testimony at all.  There were no significant admissions by Mr. Martin.  A lot of what he offers is hearsay from his state court attorneys which

---

[3]Last three pages of Dkt 7.

[4]Lockwood v Wolf Corp., 629 F2d 603, 611 (9th Cir 1980); U.S. v Dibble, 429 F2d 598, 601 (9th Cir 1970).

[5]Id.

MEMORANDUM REGARDING DENIAL OF
CROSS-MOTIONS FOR SUMMARY JUDGMENT                                                          Page 3 of 6

do not even precisely address the issues which are pertinent to a nondischargeability proceeding in bankruptcy.  Mere assertions by the movant are not sufficient to support a summary judgment.[6]

For this reason alone, the present motion of Yates will be denied.  But, there are other reasons.

3.2.  <u>Yates' Motion; Collateral Estoppel Requirements</u>- To establish collateral estoppel of a prior state court judgment in a nondischargeability proceeding, the bankruptcy court must follow the collateral estoppel rules of the state issuing the judgement[7] – Oregon, in this case.

The law in Oregon about the application of collateral estoppel is stated as follows:

> If a person has had a full and fair opportunity to litigate a claim to final judgment, most courts (including this one) hold that the decision on a particular issue or determinative fact is determinative in a subsequent action between the parties on the same claim (direct estoppel). The judgment generally is conclusive as well in a different action between the parties as to issues actually litigated and determined in the prior action if their determination was essential to the judgment (collateral estoppel). Therefore, it is appropriate to determine:
>
> 1. Was the issue decided in the prior adjudication identical with the one now presented?
>
> 2. Was there a final judgment on the merits?
>
> 3. Was the party against whom collateral estoppel is sought to be applied a party or in privity with a party to the prior adjudication?[8]

The biggest item in Yates' motion, collateral estoppel of the $18,045 judgment for breach of contract for failure to pay loans, is not the type of claim which falls under either § 523(a)(2)(A) (which is based on false pretenses, a false statement, or actual fraud) or § 523(a)(4) (which is based on fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny).  The breach of contract claim for $18,045 does not fit comfortably under either section.

---

[6] <u>Jacobson v Maryland Gas Co.</u>, 336 F2d 72, 75 (8th Cir 1964), *cert den* 379 US 964 (1965).

[7] <u>In re Sasson</u>, 424 F3d 864, 872 (9th Cir 2005).

[8] <u>State Farm Fire and Casualty Co.  v Reuter</u>, 700 P2d 236, 238 (Ore 1985).

MEMORANDUM REGARDING DENIAL OF
CROSS-MOTIONS FOR SUMMARY JUDGMENT                                                          Page 4 of 6

It is possible that the conversion judgment for $4,130, might fit under § 523(a)(4)[9] (it might qualify as a defalcation by one in a fiduciary position),[10] but there is not enough evidentiary or factual support in the Yates motion for the court to reach that conclusion. Trial court instructions were not provided so this court could assess whether the conversion claim was actually in accord with a finding under § 523(a)(4).[11]

It is even more ambiguous whether the judgment for $4,211.33, which Martin should have returned in good conscience, fits within those parameters.

Thus, the motion is denied because it does not show that what the Oregon jury decided is essentially the same facts which would entitle Yates to recover under §§ 523(a)(2)(A) or 523(a)(4).

Finally, there is insufficient or no proper proof that Yates is the rightful successor to Arrowstone.

3.3. <u>Martin's Motion</u>- The Martin motion does not show he is entitled to summary judgment as a matter of law. It is more of an adjunct to his reply to Yates' motion.[12]

4. <u>CONCLUSION</u>- A separate order will be entered, denying both motions. The court will set a further pretrial scheduling hearing.

---

[9] <u>Willamette Quarries, Inc. v Wodtli</u>, 781 P2d 1196, 1201 (Ore 1989) (Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel. [internal quotation marks and citations omitted]).

[10] 4 <i>Colllier on Bankruptcy</i>, ¶ 523.10[b] (15th ed rev 2005) ["Defalcation refers to a failure to produce funds entrusted to a fiduciary and applies to conduct that does not necessarily reach the level of fraud, embezzlement or misappropriation." [citation omitted]).

[11] <i>Compare</i>, <u>In re Greer</u>, 21 BR 763, 766 (Bankr D Ariz 1982).

[12] <i>See</i>, Martin's reply at Dkt 13.

MEMORANDUM REGARDING DENIAL OF
CROSS-MOTIONS FOR SUMMARY JUDGMENT                                                                 Page 5 of 6

DATED: October 31, 2005

          /s/ Herb Ross
HERB ROSS
U.S. Bankruptcy Judge

Serve:
Dennis Yates, Plaintiff
Curtis Martin, Defendant
Peggy Gingras, Adv. Proc. Mgr.        D5635

11/1/05

MEMORANDUM REGARDING DENIAL OF
CROSS-MOTIONS FOR SUMMARY JUDGMENT        Page 6 of 6